# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Dr. R.C. SAMANTA ROY INSTITUTE OF SCIENCE AND TECHNOLOGY, *et al.*, | Case No. 09-10876 (KG) |
| | (Jointly Administered) |
| Debtors. | Re: Docket Nos. 4, 15 |
| | Objection Date: 4/1/09 |
| | Hearing Date: 4/6/09 @ 2:00 pm |

## OBJECTION OF GREEN MOUNTAIN FINANCE FUND, LLC, CARLYLE FINANCIAL, LLC, SOUTHWEST GUARANTY, LTD. AND SOUTHWEST GUARANTY PARTNERS, LLC TO THE MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING INTERIM AND PERMANENT USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Green Mountain Finance Fund, LLC, Carlyle Financial, LLC, Southwest Guaranty, LTD, and Southwest Guaranty Partners, LLC (Collectively the "Lenders"), by and through undersigned counsel, hereby object to the *Motion of the Debtors For The Entry of An Order Pursuant to Sections 361 and 363 of the Bankruptcy Code authorizing Interim and Permanent Use of Cash Collateral and Granting Adequate Protection* (the "Cash Collateral Motion"), and set forth the following in support:

## BACKGROUND

1. On March 16, 2009 (the "Petition Date"), seven (7) affiliated Debtors filed petitions for relief under Title 11 of the United States Bankruptcy Code. Although the first filed case was that of U.S. Acquisitions & Oil, Inc. ("USAO"), the seven (7) cases were subsequently jointly administered under the above captioned case.

2. Prior to the Petition Date, on or about April 28, 2006, Southwest Guaranty, Ltd.

ME1 8328950v.1

loaned USAO $2,222,000 and received a promissory note in that amount. The term of the loan was ten (10) years. A mortgage, deed of trust, security agreement and assignment of leases were signed by USAO in favor of Southwest Guaranty, Ltd.[1] and all of the assets of USOA were pledged by USOA to Southwest Guaranty, Ltd.[2]

3. To secure the $2,222,000 obligation, a UCC-1 (#6162875 9) was filed in Delaware by Southwest Guaranty, Ltd. on May 9, 2006, which covered all of the property of USOA, all of its "FF&E" as well as all of its "cash, proceeds and products" (a copy of the UCC-1 is attached hereto as Exhibit A).

4. In short, Southwest Guaranty, Ltd. holds a perfected, first priority lien on all of the assets, cash, proceeds, property, FF&E, etc., of USOA and USOA cannot use any of these assets (or cash) without the consent of Southwest Guaranty, Ltd.

5. The USOA assets consist primarily of an amusement park ("Amusement Park"), which was described in a press release on the internet:

> USA International Raceway of Shawano is one of the premier Kart racing venues in North America. With the addition of professional Supermoto Motorcycle races, USA International has become one of the finest Supermoto tracks in the world. Racers new to the USAIR facility will find it nothing like they've seen before! Transponder (lap time) scoring, amusement park amenities, blacktop pits, showers and a swimming pool! Not to mention several smaller Go-Kart tracks and the full-on excitement of the mile+ long Pro Kart Track. And all of this just on the edge of the Shawano city limits with hotels, chain restaurants and services almost within walking distance.

---

[1] Subsequently, a loan participation agreement was entered into by and between the Lenders. However, Southwest Guaranty, Ltd. remains the servicer of the loan for these participants and it is the holder of the blanket lien on all of the assets (and cash) of USOA.
[2] Debtor Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. guaranteed the loan obligations of USOA.

2

6.  Not long after the loan funded, USOA defaulted under its terms. Notices of default were issued to USOA as well as its guarantor. Efforts to foreclose on the assets of USOA were undertaken prior to the petition date but were not completed (and subsequently halted) as a result of the Debtors' filing their Chapter 11 petitions on March 16, 2009. At this time, USOA, and the guarantor, remain in default and are presently obligated to Southwest Guaranty, Ltd. in the principal amount of $2,279,725.50 (as of March 15, 2009) with $1,761.54 in interest and penalties accruing per diem.

7.  On March 16, 2009, Debtors filed the Cash Collateral Motion which seeks, on an interim basis, the use of cash collateral for a period of four (4) weeks.

8.  The Cash Collateral Motion, charitably speaking, is less than a model of clarity. For example, the Cash Collateral Motion was filed on behalf of USOA "and its Debtor affiliates." By this language, Debtors seek to use the cash collateral of any and all of the seven (7) affiliated Debtors.

9.  However, at the cash collateral hearing on March 20, 2009, a "budget" was presented to the Court and interested parties for the first time. The "budget," which used a heading of "Cash Flow Projections," listed only four (4) of the affiliated Debtors (Midwest Oil of Shawano, LLC, Midwest Oil of Wisconsin, LLC, Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. and USAO).

10. Further muddying the waters was the fact that the "budget" only listed cash collateral needs for one of the listed Debtors, Midwest Oil of Shawano, LLC.

11. As such, the Cash Collateral Motion was filed on behalf of seven (7) Debtors, listed only four (4) Debtors on the "budget" and yet itemized the cash collateral needs for only

3

one (1) Debtor.

12. At the cash collateral hearing, the United States Trustee (the "UST") and undersigned counsel for the Lenders extensively cross examined Debtors' representative, Naomi Isaacson, regarding the Cash Collateral Motion. Ms. Isaacson testified, and Debtors' counsel Mr. Usdin stated on the record, that the only cash collateral sought in the Cash Collateral Motion was that relating to Midwest Oil of Shawano, LLC.

13. Importantly, on cross examination, Ms. Isaacson testified that the Amusement Park was closed for the winter and would open its doors on April 15, 2009 (see transcript of hearing, page 63, Exhibit B). Furthermore, Ms. Isaacson testified that there were expenses that needed to be paid for the Amusement Park, even when it was closed (such as utilities), but that those expenses would need to be paid by some "other business entities" as the Amusement Park was not generating any revenue while it was closed (Id.).

14. After a lengthy hearing, and with the aid of extensive testimony to clean up the record of the case, the Court allowed limited use of cash collateral only by the one Debtor - Midwest Oil of Shawano, LLC - and only until April 6, 2009, at which time there will be a final hearing with respect to the use of cash collateral.

15. After the cash collateral hearing, the Debtors, the UST and the Lenders negotiated the "Order Granting Debtors' Interim Use of Cash Collateral," which the Court entered on March 23, 2009 [D.I. # 15].

16. Significantly, the parties specifically negotiated the language of the Order Granting Debtors' Interim Use of Cash Collateral to make it clear that the only Debtor that was authorized to use cash collateral was Midwest Oil of Shawano, LLC and to the extent that any

other Debtor wished to use its cash collateral that Debtor would need to file an appropriate motion with the Court, on notice, requesting such relief.

17. On March 31, 2009, undersigned counsel emailed Debtors' counsel and stated the following:

> At the present time your client has not asked to use our cash collateral generated at the amusement park (as it is closed). We understand it will be opening soon and generating cash. You have no authority to use any cash from that property at the present time. I would like to know what your client plans to do about opening the park and cash received there.

18. As of the filing of this Objection, no response has been received from Debtors' Counsel.

## **OBJECTION**

19. At this time, USOA has not sought to use the cash collateral of the Lenders. Furthermore, this Court has not authorized such use.

20. It is anticipated that the Amusement Park will be opening shortly and generating cash that is the subject of the Lenders' blanket lien.

21. The Lenders object to any use of such cash collateral by any of the Debtors, including specifically USOA.

22. If the Debtors are able to open the Amusement Park, the Lenders request that any money generated at the Amusement Park be segregated in a separate bank account with a detailed ledger of all receipts and deposits and that such a ledger be provided to the Lenders on a daily rolling basis showing the prior day's activities.

23. The Lenders do not consent to the use of their cash collateral in any manner or in any form by any Debtor entity.

5

ME1 8328950v.1

WHEREFORE, the Lenders respectfully request that this Court deny the Cash Collateral Motion to the extent that it seeks to authorize the use of any cash collateral that is the subject of the Lenders' blanket lien and that the Court grant such other and further relief as deemed just and proper.

Dated: April 1, 2009

MCCARTER & ENGLISH, LLP

William F. Taylor, Jr. (DE Bar I.D. #2936)
Katharine L. Mayer (DE Bar I.D. #3758)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
wtaylor@mccarter.com
kmayer@mccarter.com

*Counsel to Green Mountain Finance Fund, LLC, Carlyle Financial, LLC Southwest Guaranty, LTD. and Southwest Guaranty Partners, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>**Dr. R.C. SAMANTA ROY INSTITUTE OF SCIENCE AND TECHNOLOGY**, *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-10876 (KG)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 4, 15<br>Objection Date: 4/1/09<br>Hearing Date: 4/6/09 @ 2:00 pm |

## CERTIFICATE OF SERVICE

I, William F. Taylor, Jr., Esquire, hereby certify that on the 1st day of April, 2009, I caused a true and correct copy of the foregoing Objection to be served upon the following parties via hand delivery.

Eric J. Monzo
Cohen Seglias Pallas Greenhall Furman PC
1007 North Orange Street, Suite 1130
Wilmington, DE 19806

Joseph J. McMahon, Jr.
Office of the United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

**MCCARTER & ENGLISH, LLP**

/s/ William F. Taylor, Jr.
William F. Taylor, Jr. (DE Bar I.D. #2936)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
wtaylor@mccarter.com
*Counsel to Green Mountain Finance Fund, LLC, Carlyle Financial, LLC, Southwest Guaranty, LTD and Southwest Guaranty Partners, LLC*

ME1 8328950v.1