IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DR. R. C. SAMATA ROY INSTITUTE<br>OF SCIENCE AND TECHNOLOGY, Inc.<br><br>Debtor | Chapter 11<br>No. 09-10876(KG)<br><br>JOINTLY ADMINISTERED<br>No. 09-10878(KG) |

## MOTION OF VERMILLION STATE BANK FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE TO ALLOW FOR SHERIFF'S SALE OF CERTAIN PROPERTIES IN EXECUTION OF A PRE-PETITION JUDGMENT IN FORECLOSURE

Vermillion State Bank, by and through its undersigned counsel, brings this *Motion for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code to Allow for Sheriff's Sale of Certain Properties in Execution of a Pre-Petition Judgment in Foreclosure* and, in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. Sec. 1334 and this matter is a core proceeding within the meaning of 28 U.S.C. Sec. 157(b)(2)(A) and (G).

2. Venue is proper vested in this Court pursuant to 28 U.S.C. Sec. 1409.

### BACKGROUND

3. On March 16, 2009 (the "Petition Date"), Midwest Oil of Minnesota, LLC initiated these Chapter 11 proceedings by filing a voluntary petition for relief under the provisions of the United States Bankruptcy Code.

4. On March 20, 2009, by order of the Court, Case No. 09-10878 (In re: Midwest Oil of Minnesota, LLC) was consolidated into and to be jointly administered together with Cases 09-10875 through 09-10881 under the aegis of Dr. R.C. Samata Roy Institute of Science and Technology, Inc. Case No. 09-10876 (Docket Index 8).

5. Debtor is debtor-in possession and continues to operate its business pursuant to 11 U. S.C. Sections 1107 and 1108.

6. On October 28, 2005, Debtor issued a Mortgage to Vermillion State Bank in exchange for funds in the total principal amount of One Million, Three Hundred Nine Thousand, One Hundred Twelve Dollars and Forty-eight cents ($1,309,112.48). A copy of the Mortgage is attached hereto as Exhibit A.

7. The Mortgage was filed with the appropriate county authorities on December 15, 2005 and assigned document number 1163234 by the Washington County Registrar of Titles.

8. On October 29, 2008, Debtor was notified that a default had occurred in the conditions of the Mortgage dated October 28, 2005 executed by Midwest Oil of Minnesota, LLC, a Wisconsin limited liability company.

9. The holder of the Mortgage had complied with all conditions precedent to acceleration of the debt secured by the Mortgage and foreclosure of the Mortgage, and all notices and other requirements of applicable statutes.

10. The loan matured on March 15, 2007.

11. Real estate taxes are past due from October 15, 2008. A copy of the Washington County Tax Assessment is attached hereto as Exhibit B.

12. There have been no post petition payments.

13. The real estate is vacant and has never been operated by Debtor.

14. Property is subject to vandalism.

15. Property is subject to diminishing property values.

15. Mortgagee estimates current market value of the property is $1,300,000.

17. Loan amount due is $1,873,472.36 plus interest. A copy of Movant's April 20, 2009 letter stating balance due is attached hereto as Exhibit C.

18. A Sheriff's sale was scheduled for April 7, 2009. A copy of the February 11, 2009 Notice of Mortgage Foreclosure Sale is attached hereto as Exhibit D.

19. All actions taken by Mortgagee were taken prior to the Petition Date. A true and correct copy of Affidavit of Virginia J. Knudson, Esquire is attached hereto as Exhibit E.

20. With the filing of the voluntary petition, all collection action was stayed by the automatic stay authorized by 11 U.S.C. Section 362.

21. There will be no prejudice to Debtor from granting this motion as the property has never been open (i.e. no income produced) or operated since Debtor has owned it.

22. There is substantial prejudice to Plaintiff as property values are declining and vacant property is subject to vandalism, and current market value is below the loan amount due.

## LEGAL FRAMEWORK

23. The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to

avoid interference with the orderly liquidation or rehabilitation of the debtor." *Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

24. Although broad, "[the automatic stay] is not all encompassing. Section 362(b), for example, provides exemptions from the automatic stay. As a further restriction, the Code requires that the proceeding stayed 'was or could have been commenced' before filing or that the proceeding was based on a claim that arose pre-petition. Proceedings or claims arising post-petition are not subject to the automatic stay." *In re M. Frenville Co.*, 744 F.2d 332, 334-335 (3d Cir. N.J. 1984)(internal citations omitted).

25. A court, upon motion of a party, may grant relief from the automatic stay for "cause." 11 U.S.C. 362(d). "Cause is not defined in the Code, and whether or not grounds exist to lift the automatic stay must be determined by the bankruptcy court on a "case by case basis." *Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

26. This Court has adopted a three prong test to determine whether to grant relief from the automatic stay:

a. Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the foreclosure;

b. Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

c. The probability of the creditor prevailing on the merits.

*In re: The SCO Group, 395 B.R. 852 (Bankr. D. Del 2007) (Citing Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

*Factors supporting Modification of Stay*

27. The three factors discussed in *In re: The SCO Group*, 395 B.R. 852 (Bankr. D. Del 2007) weigh in favor of granting Plaintiffs relief from the automatic stay to pursue a foreclosure.

    a.. Neither Debtor nor the bankruptcy estate will be prejudiced by allowing Plaintiffs to foreclose on the unoccupied and never occupied real estate.

    b. The hardship to Plaintiff by maintenance of the stay considerably outweighs the hardship to the Debtor;

        i. Plaintiff suffers continued irreparable harm from the application of the automatic stay to their claims. Plaintiff continues to be deprived of their ability to liquidate the collateral which secures their loan.

        ii. Plaintiff will be prejudiced by the continuation of the automatic stay. The vacant property is subject to vandalism and by its vacancy continued diminution in market value

    c. Plaintiff is likely to succeed on their claims

        i. "Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay in an appropriate case." *SCO Group*, 395 B.R. at 859.

        ii. Debtor has failed to pay current taxes on the property.

        iii. Debtor has failed to make mortgage payments.

        iv. Debtor has failed to be current on real estate taxes.

        v. Debtor has failed to make any post-petition payments.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order Modifying the Automatic Stay to permit Petitioner to proceed with its foreclosure action against Debtor, and for such other relief as the Court deems just and proper.

                                                  Respectfully submitted,
                                                  REAL WORLD LAW, PC
                                                  _/s/ Glenn A. Brown_____
                                                  GLENN A. BROWN, DMD, ESQUIRE
                                                  Attorney ID No. 4669
                                                  916 North Union Street
                                                  No. 2
                                                  Wilmington, DE 19801
                                                  (302) 225-8340
                                                  glenn.brown@realworldlaw.com