IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | : CHAPTER 11 |
|---|---|
| DR. R.C. SAMANTA ROY INSTITUTE OF SCIENCE & TECHNOLOGY, INC.,[1] | : NO. 09-10876 KG |
| | : Jointly Administered |
| Debtor. | : |
| | : **Response to D.I. No. 175** |

## DEBTORS' RESPONSE TO MOTION BY M&I MARSHALL & ILSLEY BANK FOR RELIEF FROM AUTOMATIC STAY

Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. ("SIST") and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-captioned Chapter 11 case, hereby file this response to the motion of M & I Marshall & Ilsley Bank (the "Movant") for the entry of an order permitting the Movant relief from the automatic stay to enforce rights against collateral or, in the alternative, to compel adequate protection payments (the "Motion") and, in support thereof, respectfully represent as follows:

### PARTIES

1. Admitted upon information and belief.

2. Admitted.

### JURISDICTION AND VENUE

3. Denied as a conclusion of law to which no response is required.

---

[1] Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. (Federal Tax ID No. 39-1785920), U.S. Acquisitions & Oil, Inc. (Federal Tax ID No. 20-4126763), Midwest Oil of Wisconsin, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Minnesota, LLC (Federal Tax ID No. 39-1785920), Midwest Oil of Shawano, LLC (Federal Tax ID No. 39-1785920), Midwest Properties of Shawano, LLC (Federal Tax ID No. 39-1785920), and Midwest Hotels & Motels of Shawano, LLC (Federal Tax ID No. 39-1785920) have requested joint administration of their Chapter 11 cases. The business address for all of these entities is 1206 East Green Bay Street, Shawano, Wisconsin 54166.

4. Denied as a conclusion of law to which no response is required.

**PROCEDURAL HISTORY**

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part, denied in part. It is admitted that Debtors, on behalf of one or more Debtor entities, filed a motion requesting the use of cash collateral. The remaining allegations set forth in Paragraph 8 of the Motion are denied.

9. Admitted in part, denied in part. It is admitted that the factual statements were made by Debtors' counsel, however, any mischaracterization thereof is denied. The remaining averments of this paragraph are denied.

10. Denied.

**OBLIGATIONS & COLLATERAL**

A. **The Properties, Notes and Security**

11. Admitted in part, denied in part. To the extent that the averments of this paragraph rely on a writing which speaks for itself, any mischaracterization thereof is denied. The remaining averments of this paragraph are admitted.

12. Denied as stated. To the extent that the averments of this paragraph rely on a writing which speaks for itself, any mischaracterization thereof is denied. By way of further response, some of the Properties listed in ¶12 of the Motion appear to be real property that SIST has an interest and some appear to be real property that Debtor Midwest Properties of Shawano,

LLC ("Midwest Properties") has an interest. See SIST and Midwest Properties Amended Schedules [Docket Nos. 145, 149]. By way of further response, the address for one of the properties, W7310 Mill Street, Shawano, WI is incorrect.

**B.     The Consolidation Agreement, Note, and Security**

13.    Denied as stated. To the extent that the averments of this paragraph rely on a writing which speaks for itself, any mischaracterization thereof is denied.

**C.     Current Status of the Properties, Consolidation Agreement and Note**

14.    Admitted in part, denied in part. It is admitted only that Debtors filed their respective petitions for relief under the Bankruptcy Code with This Honorable Court on March 16, 2009. It is specifically denied that Movant has a valid secured interest in all properties referred to as the Properties. The remaining averments set forth in Paragraph 14 of the Motion are denied as conclusions of law to which no response is required.

15.    Denied. The averments in Paragraph 15 of the Motion contain conclusions of law to which no response is required. To the extent an answer is required, the averments are denied.

16.    Denied. The Debtors' monthly operating reports are documents that speak for themselves and any characterization of the terms set forth therein are specifically denied.

**D.     Real Estate Taxes**

17.    Denied. The averments in Paragraph 17 of the Motion contain conclusions of law to which no response is required. To the extent an answer is required, the averments are denied.

## REQUESTED RELIEF

18. Denied. Movant's request for relief from the automatic stay must be denied because Movant is adequately protected pursuant to §362(d)(2)(A) of the Bankruptcy Code. The Movant, moreover, has failed to set forth its basis for its belief that it is undersecured or the basis for its valuation of the Properties.

A. **Relief from Stay Is Not Warranted under §362(d)(2) of the Bankruptcy Code Because Movant Has Not Shown Cause to Lift the Stay.**

19. Denied. The burden of presenting a *prima facie* case for relief from stay is on Movant, who must establish the value of the properties and consequently that its interest in the properties is not adequately secured. The Bankruptcy Code provides:

> (g) On any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. §362(g).

The creditor bears the burden of establishing a *prima facie* case that no adequate protection for its interest applies by showing (a) a debt owing from the debtor to the creditor; (b) a valid security interest possessed by the creditor; and (c) a decline in the value of the collateral securing the debt combined with the debtor's failure to provide adequate protection for the value of the collateral security in the debtor's interest. See, *e.g.*, In re Bivens, 317 B.R. 755, 770 (Bankr. N.D. Ill. 2005); *citing* In re Cambridge Woodbridge Apartments, L.L.C., 292 B.R. 832, 841 (Bankr. N.D. Ohio 2003).

20. Denied. Movant fails to make a *prima facie* case showing that it is not adequately protected because Movant estimates the value of the Properties to be One Million Three Hundred Seventy-six Thousand Four Hundred Twenty-three Dollars and Twenty-five Cents ($1,376,423.25). Meyer Decl. at 10. Mr. Meyer has no specialized knowledge of the properties in question and, therefore, Movant's estimates are insufficient to establish value. The tax assessed value of the properties as of December 31, 2009 was Three Million Thirty-six Thousand Four Hundred and Eighteen Dollars ($3,036,418.00). The Debtors believe, and thus aver, that the fair market value of the Properties exceeds the amount due and owing on the Consolidated Note and, therefore, the Movant's equity interest is therefore sufficiently protected. By way of example and not limitation, seven (7) of the properties which Movant contends to have a secured interest are listed in SIST's Amended Schedule "A" [Docket No. 145] and have a value in excess of Two Million Two Hundred Ninety-three Thousand Two Hundred Twenty-two Dollars ($2,293,222.00).

21. Denied. Movant has not established the "first prong" of §362(d)(2).

22. Denied. As stated herein, the burden is on the Movant to establish that the value of the collateral is less than the value of the security interest. 11 U.S.C. §362(g)(1). Without such a showing, the Movant fails to establish a *prima facie* case that it is entitled to relief from the stay. As set forth herein, Movant's equity interest in the properties is sufficiently protected.

23. The allegations set forth in Paragraph 23 contain conclusions of law for which no response is required.

**B.   Relief from Stay in Not Warranted under §362 because Movant's Interest Is Adequately Secured.**

24. A debtor may defeat a creditor's motion for relief from stay when the debtor can show that the creditor's interest is adequately protected. See, e.g., In re Continental Airlines, 154 B.R. 176, (Bankr. D.Del. 1993) (relief from the automatic stay shall be granted where the continuation of the automatic stay causes a decrease in property upon which the creditor has a secured interest); In re Adams, 27 B.R. 582, 585-86 (Bankr. D.Del. 1983) (holding that the holder of a subordinate lien was not entitled to relief from stay because, even after the first lien was satisfied, the liened property was worth more than the second lien and was therefore adequately protected).

25. Denied. The classic form of adequate protection is an equity cushion which exists where the fair market value of the value of the collateral is more than the amount of the indebtedness. In re Rorie, 98 B.R. 215, 221 (Bankr. E.D.Pa. 1989); In re Melson, 44 B.R. 454, 457 (Bankr. D.Del. 1984).

26. Denied. Movant has not presented evidence regarding the absence of an equity cushion, other than to aver that there is none; this is not sufficient proof of the lack of equity. In re Continental Airlines, 154 B.R. 176; In re Adams, 27 B.R. at 585-86. Rather, the value of the properties far exceeds any secured interest Movant has in the Properties. Movant is, at most, approximately thirty percent (30%) loan to value. In addition to this security, Movant has guaranteed from two of the Debtor entities and a personal guaranty as well.

27. Denied. It is denied that the Debtors and their estates will not be prejudiced by allowing Movant to foreclose. It is denied that Movant's hardship outweighs the hardship to the Debtors. The Movant has not established a *prima facie* case for their entitlement to relief from stay because it has produced only its own "estimate" of the value of the property; this is insufficient as a matter of law to show what the value of the property is. See, e.g., In re Bivens,

317 B.R. at 770; In re Cambridge Woodbridge Apartments, L.L.C., 292 B.R. at 841. It is further denied that the Movant continues to suffer harm from the automatic stay, and denied that the Movant is prejudiced by the continuation of the automatic stay. Only by the continuation of the automatic stay can the Debtors adequately marshal their assets, establish their plan(s) and adequately protect the interests of each of the creditors of the estate without placing the interests of one creditor before the others' to the detriment of all creditors. By way of further response, the majority of the properties are in use and are essential to Debtors' plan for reorganization.

28. For all of these reasons, Movant's motion must be denied. Movant has not established that it is likely to succeed on its claims because it must first establish a *prima facie* case for its undersecurity, and that it will not be protected without relief from stay (see 11 U.S.C. §362(g) which it has not done.

### C. Assuming that Relief from Stay Is Inappropriate (which it is), M&I Is Not Entitled to Adequate Protection Payments.

29. Denied. M&I is not entitled to "adequate protection" because an equity cushion in the Property exists. As set forth on SIST's amended Schedule "A", the value of the Properties exceeds the amount alleged by Movant to be due and owing on the loan agreements and notes.

30. Paragraph 30 contains conclusions of law for which no response is required. To the extent an answer is required, it is specifically denied that the Debtors failed to provide adequate protection to the Movant for the Properties.

31. Paragraph 31 contains conclusions of law for which no response is required. To the extent an answer is required, it is specifically denied that the Debtors failed to provide adequate protection to the Movant for the Properties.

32. Paragraph 32 contains conclusions of law for which no response is required. To the extent an answer is required, it is specifically denied that the Debtors failed to provide adequate protection to the Movant for the Properties.

33. Paragraph 33 contains conclusions of law for which no response is required. To the extent an answer is required, it is specifically denied that the Debtors failed to provide adequate protection to the Movant for the Properties.

34. Paragraph 34 contains conclusions of law for which no response is required. It is specifically denied that the Debtors failed to provide adequate protection to the Movant for the Properties.

35. Paragraph 35 contains conclusions of law for which no response is required. It is specifically denied that the Debtors have failed to provide adequate protection to the Movant for the Properties.

### D. Denial of Request for Waiver of Ten-Day Stay

36. Paragraph 36 contains conclusions of law for which no response is required. It is specifically denied that the Debtors have failed to provide adequate protection to the Movant for the Properties.

### NOTICE

37. Neither admitted nor denied as the Debtors are without knowledge sufficient to admit or deny the averments of this paragraph.

### NO PRIOR REQUEST

38. Neither admitted nor denied as the Debtors are without knowledge sufficient to admit or deny the averments of this paragraph.

WHEREFORE, the Debtors respectfully request that this Court enter an Order, in the form affixed hereto, denying Movant's Motion and granting such other and further relief as is just and proper.

        COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.


        /s/ Eric J. Monzo
        Eric J. Monzo, Esquire (DE Bar ID No. 5214)
        Steve D. Usdin, Esquire (PA Bar ID No. 36381)
        Nella M. Bloom, Esquire (PA Bar ID No. 204366)
        Nemours Building, Suite 1130
        1007 North Orange Street
        Wilmington, DE 19801
        (302) 425-5089
        *Attorneys for the Debtors and Debtors-in-Possession*

DATED: July 15, 2009