UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                         : Chapter 11
                                                               :
DR. R.C. SAMANTA ROY INSTITUTE OF                              : Case No. 09-10876 (KG)
SCIENCE & TECHNOLOGY, INC., *et. al.*                          : (Jointly Administered)
                                                               :
                    Debtors.                                   : **RE: Docket item 283**
---------------------------------------------------------------- : **Hearing: 9/21/09 (9:00 a.m.)**

## STATEMENT IN SUPPORT OF THE DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES OR IN THE ALTERNATIVE FOR CONVERSION OF THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Southwest Guaranty, LTD ("**Southwest Guaranty**"), for itself and as administrative agent ("**Agent**") to Green Mountain Finance Fund, LLC, Carlyle Financial, LLC and Southwest Guaranty, Partners LLC (Collectively the "**Lenders**") through its undersigned counsel, respectfully represents as follows:

### PRELIMINARY STATEMENT

At the conclusion of a two day trial between Vermillion Bank and Debtors, the Court, sua sponte, issued a rule to show cause as to why these jointly administered cases should not be dismissed or, in the alternative, for the appointment of a Chapter 11 Trustee pursuant to section 1104 of title 11 of the United States Code (the "**Bankruptcy Code**") (D.I. # 283). The Lenders respectfully urge the Court to consider a slightly different set of remedies from those in the Order: dismissal of these cases or conversion of these cases to Chapter 7, rather than for the appointment of a Chapter 11 Trustee.

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.

## BACKGROUND

2. On April 7, 2009, the Lenders filed a Motion for Relief from Stay to Resume Foreclosure Proceedings, or in the Alternative, to Compel Adequate Protection Payments (the "Motion") (D.I. #53).

3. On April 29, 2009, Lenders filed a complaint for "Declaratory and Injunctive Relief" (the "Complaint") and a Motion for Temporary Restraining Order (the TRO).

4. The Court, via conference call, entered the TRO. A Motion and Complaint were consolidated for trial, which occurred on June 5, 2009. Post trial briefing was completed on August 31, 2009 and the matter is presently before the Court for determination. The Court's decision on the briefing will address both the Motion and the Complaint.

5. Pursuant to the TRO, the Court directed that all monies generated at the amusement park be strictly segregated and not spent pending resolution of the issues raised at the trial on June 5th. Moreover, the Court directed that reports of weekly gross sales at the amusement park be generated to the Lenders.

6. On August 21, 2009, the Lenders requested a telephonic status conference regarding the Debtors' failure to comply with the TRO and the Court, sua sponte, directed the matter be scheduled as a rule to show cause hearing.

7. During the rule to show cause hearing on the TRO on August 31st, the Debtors were ordered (again) to produce weekly sales reports and provide Lenders with bank statements for the months of May, June, July and August 2009 (and going forward).

8. Until the very day of this filing, September 17, 2009, Debtors had failed to generate a weekly report for the past week and despite repeated requests, had failed to provide

the August bank statements, in direct contravention of the Court's Order of August 31, 2009. The May bank statement has never been produced.

9. Most distressing is what little information the Debtors have provided demonstrates that fifty-six percent (75%) of the money generated at the amusement park is missing -- presumably either spent or diverted for other uses in clear violation of both the TRO and the Court's additional ruling on August 31, 2009. According to the Lenders' analysis, which is attached hereto as exhibit A, there is an "Overall total deficit of $59,458.40 from the Bank Statements compared to the Weekly Reporting. This amount is unaccounted for on the Bank Statements."

## RELIEF REQUESTED

10. By this Statement, the Lenders support dismissal of these bankruptcy cases or in the alternative conversion of the Debtors' cases from Chapter 11 to Chapter 7 of the Bankruptcy Code.[1]

## ARGUMENT

11. The Debtors' management, in particular Ms. Naomi Isaacson, have shown almost willful disregard for the Court's authority and the fiduciary obligations associated with being a debtor-in-possession. Under normal circumstances the Lenders would support, and even petition for, the appointment of a Chapter 11 Trustee. The Lenders considered exactly such a motion in the early stages of the case.

12. However, due to the fact that too much time has passed, and so little accomplished, the Lenders are concerned that appointment of a Chapter 11 Trustee would necessarily further delay the case to the continuing detriment and prejudice of the Lenders.

---

[1] Given the sua sponte nature of the scheduled hearing, the Lenders respectfully submit this Statement in lieu of a formal motion as sufficient to satisfy the requirements of Section 1112(b)(1) of the Bankruptcy Code.

13. In the past six (6) months, the Debtors have squandered and wasted the time and the extensions given to them. A further delay is almost certain if a Chapter 11 Trustee is brought into the cases. The proposed trustee will need additional time to get "up to speed," and will, by necessity, likely request additional time to accomplish all the matters that the present management willfully ignored.

14. If not dismissed, the cases should be converted to cases under Chapter 7 so that a Chapter 7 Trustee can liquidate the properties and distribute proceeds to all creditors, including the secured Lenders, who have not been paid in 2009.

15. It is important to note that there are currently five (5) pending motions for relief from stay by lenders[2] of the Debtors. Therefore, it appears that the Debtors are not paying any of their bank debt and the Debtors' properties are likely all valued at significantly less than the loans they secure.

16. Cause exists to convert the cases to Chapter 7 cases. In the Court's "Order to Show Cause," the Court states it is concerned that "virtually no progress toward confirmation" has occurred and that the Debtors were not making post petition mortgage payments, all the while they continue to operate at a loss. These concerns are directly related to the USAO case and the Lenders. USAO has refused to make any payments to the Lenders in 2009 and the amusement park is operating at a loss, barely bringing in a few thousand dollars a week during the peak summer months. See Section 1112(b)(4)(A), (B). In addition, rather than making any efforts to sell the properties or determine a form of reorganization, the Debtors have sought another extension of the exclusivity period, thus validating the Court's concern that there has been no progress toward confirmation.

---

[2] In addition to SWG, similar motions have been filed by Integrity First Bank, Vermillion State Bank, Marshall & Ilsley Bank and American Bank of St. Paul.

17. Additional cause exists to justify conversion pursuant to Section 1112(b)(4)(E) as Debtors have failed to comply with the TRO and pursuant to Section 1112(b)(4)(D) as Debtors have seemingly misappropriated the funds to be held and claimed as cash collateral for the Lenders' loan.

18. It is painfully clear that the Debtors have no money, no prospects and no hope. The Debtors likely cannot proffer any evidence to demonstrate that any of the businesses are being managed for the benefit of the creditors or have a meaningful ability to reorganize. These cases should be dismissed or turned over to a Chapter 7 Trustee for the immediate liquidation of all estate assets.

### No Prior Request for Relief

19. No previous request for the relief sought herein has been made by the Lenders to this or any other court.

WHEREFORE the Lenders respectfully support an order (i) dismissing these cases or converting them to cases under Chapter 7 of the Bankruptcy Code (ii) granting such other and further relief as is just and proper.

Dated: September 17, 2009

McCARTER & ENGLISH, LLP

William F. Taylor, Jr. (DE Bar I.D. #2936)
Katharine L. Mayer (DE Bar I.D. #3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
(302) 984-6399 Facsimile
(302) 984-2494 Direct Fax
wtaylor@mccarter.com
kmayer@mccarter.com
*Counsel to Green Mountain Finance Fund, LLC, Carlyle Financial, LLC Southwest Guaranty, LTD. and Southwest Guaranty Partners, LLC*