UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------- x
In re: : Chapter 11
 :
DR. R.C. SAMANTA ROY INSTITUTE OF : Case No. 09-10876 (KG)
SCIENCE & TECHNOLOGY, INC., *et. al*. : (Jointly Administered)
 :
Debtors. : **RE: Docket item 283**
------------------------------------------------------------------- : **Hearing: 9/21/09 (9:00 a.m.)**


**MOTION AND STATEMENT IN SUPPORT OF THE DISMISSAL OF THE DEBTORS'
CHAPTER 11 CASES OR IN THE ALTERNATIVE FOR CONVERSION OF THE
DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE
BANKRUPTCY CODE**

City of Shawano, Wisconsin, Shawano Municipal Utilities and Shawano County, Wisconsin (collectively the "Creditors"), by and through the undersigned counsel, hereby file this Motion and Statement in Support of Dismissal of the Debtors' Chapter 11 Cases, and in support thereof show as follows:

**PRELIMINARY STATEMENT**

At the conclusion of a two day trial between Vermillion Bank and Debtors, the Court, *sua sponte*, issued a rule to show cause ("Rule to Show Cause") as to why these jointly administered cases should not be dismissed or, in the alternative, for the appointment of a Chapter 11 Trustee pursuant to section 1104 of title 11 of the United States Code (the "**Bankruptcy Code**") (D.I. # 283). In the Rule to Show Cause, the Court noted that these cases have been pending for over six months and there has been "virtually no progress toward confirmation." Further, the Court noted that the Monthly Operating Reports demonstrate that the Debtors are operating at a loss and that the continuing diminution to the Estate may be a result of "gross mismanagement or breach of fiduciary duty" by the Debtors' current management.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.

## BACKGROUND

2. On March 16, 2009 the Debtors[1] filed for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. Each of the Creditors has timely filed Proofs of Claim against multiple Debtors.

4. Despite the fact that there are seven related Debtors, the Debtors have obtained orders allowing the use of cash collateral in only one of their cases, Midwest Oil of Shawano, LLC. The Debtors have not move for or obtained orders allowing them to obtain any post-petition financing, thus the only apparent source of financing for the Debtors is from undisclosed non-Debtor sources.

5. During the course of this case, the testimony and pleadings have demonstrated that there are numerous undisclosed non-Debtor affiliates and that the Debtors' professionals are being compensated from non-Debtor funds.

6. The source of the non-Debtor funds remains a mystery.

7. The Debtors describe their business as "property acquisition and management, sales of gasoline and Petroleum products and funding for charitable activities." See Affidavit of Naomi Isaacson.

---

[1] The Debtors are Dr. R.C. Samanta Roy Institute of Science & Technology, Inc. and its six affiliates, U.S. Acquisitions & Oil Inc., Midwest Oil of Wisconsin, LLC, Midwest Oil of Shawano, LLC, Midwest Oil of Minnesota, LLC, Midwest Properties of Shawano, LLC and Midwest Hotels & Motels of Shawano, LLC (collectively the "Debtors")

8. In testimony before the Court, Ms. Isaacson testified that many of the properties are vacant and not producing any income.

**RELIEF REQUESTED**

9. By this Statement, the Creditors support dismissal of these bankruptcy cases, but in the alternative, should the Court not dismiss the Cases, for the reasons below, the Creditors suggest that the appropriate action would be for the Court to convert the Cases to those under Chapter 7 rather than appoint a Chapter 11 Trustee.

10. Creditors believe that the time accorded to Debtors pursuant to the Rule to Show Cause, is sufficient to meet the notice requirement. Further, the Court in its Rule to Show Cause articulated sufficient reasons justifying the appointment of Chapter 11 Trustee. Creditors submit that those same reasons would justify the appointment of a Chapter 7 Trustee.

11. The Court, pursuant to 11 U.S.C. §105(a), can take action necessary to carry out the provisions of the Bankruptcy Code.

12. Under 11 U.S.C. §1112(b)(1), the Court is authorized to convert a case to Chapter 7, or in the alternative dismiss the case upon application of a party in interest and a determination that such conversion or dismissal would be in the best interests of the Creditors and the estate. Creditors submit that this Motion and Statement in Support meets the standard under 11 U.S.C. §1112(b)(1).

13. There is cause for conversion or dismissal based on 11 U.S.C. §1112(b)(4), pursuant to:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors (see Southwest Guaranty, LTD et al.'s Statement in Support of Dismissal of the Debtors' Chapter 11 Cases or in the Alternative for Conversion of the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code filed on September 17, 2009).

(E) Failure to comply with an order of the Court (Id.).

## ARGUMENT

14. The Debtors' management have shown almost willful disregard for the Court's authority and the Debtors' fiduciary obligations associated with being a debtor-in-possession. While at the beginning of these cases, the Creditors may have supported the appointment of a Chapter 11 Trustee or a conversion of the cases and appointment of a Chapter 7 Trustee, since over six months have passed since the filing of these cases and the Debtors' assets appear to be decreasing in value by the day as the secured debt is not paid, interest continues to accrue, and the real property continues to deteriorate, it seems clear that the Debtors will not cooperate with any Chapter 11 or Chapter 7 Trustee appointed in these cases, and any liquidation will likely take a significant amount of time and lead to a significant amount of administrative expenses which will benefit only the first position secured creditors, with no benefit to lesser secured creditors or general unsecured creditors. From the Monthly Operating Reports filed in these Cases, it appears that the Cases are administratively insolvent. For these reasons, Creditors submit that these cases should be dismissed and the Debtors should be barred from refiling their cases in this or any other jurisdiction.

15. The Debtors likely cannot proffer any evidence to demonstrate that any of the businesses are being managed for the benefit of the creditors or have a meaningful ability to reorganize. These cases should be dismissed.

16. Creditors join in any other Statements in Support of Dismissal to the extent not inconsistent herewith.

WHEREFORE the Creditors respectfully support an order (i) dismissing these cases, or in the alternative (ii) Conversion of the Case to Chapter 7 and (iii) granting such other and further relief as is just and proper.

Dated: September 17, 2009

COOCH AND TAYLOR, P.A.

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB # 3381)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3820
(302) 984-3939 Fax
skaufman@coochtaylor.com

Attorneys for City of Shawano, Wisconsin, Shawano Municipal Utilities and Shawano County, Wisconsin