IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| DR. R. C. SAMANTA ROY INSTITUTE OF ) | Case No. 09-10876 (KG) |
| SCIENCE & TECHNOLOGY, INC., et al. ) | |
| ) | |
| DR. R. C. SAMANTA ROY INSTITUTE OF ) | |
| SCIENCE & TECHNOLOGY, INC., ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | C.A. No. 09-789-GMS |
| ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellee. ) | |

### ORDER

At Wilmington, this 24th day of May, 2010, after having considered the record on appeal, the parties' contentions, the standard of review, and the applicable law, IT IS HEREBY ORDERED that:

1. The Bankruptcy Court's September 22, 2009 Order of Dismissal is AFFIRMED.[1]

---

[1] The court finds that dismissal was not an abuse of discretion and was appropriate for the reasons stated in the Bankruptcy Court's Order of Dismissal. (See USBK/DE, 09-10876, D.I. 291.) The Bankruptcy Court properly found gross mismanagement warranting termination of the automatic stay and dismissal of the case based upon, among other things: 1) the debtors' failure to consider the purchase offer for the property located in Oakdale, Minnesota; 2) the debtors' failure to file tax returns both before and after the filing of their petition; and 3) the debtors' failure to report and account for nearly $60,000 in cash that they were holding in a gas station safe. The court finds that the appellants' assertions that the Bankruptcy Court committed legal error are without merit.

2. The Appellants' appeal (D.I. 5) is DISMISSED.

3. The appellants' motion for contempt (D.I. 22), the appellee Green Mountain Finance Fund LLC's ("Green Mountain") motion for an Expedited Hearing (D.I. 29), Green Mountain's request for oral argument on their motion for an expedited hearing (D.I. 36), Green Mountain's motion for contempt (D.I. 39), and Green Mountain's request for oral argument on its motion for contempt (D.I. 43) are DENIED.[2]

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] In addition to these formal motions and requests, the court received four letters transmitted by counsel representing one of the appellees or other interested parties urging the court to consider this appeal and these pending motions on an expedited basis. (See D.I. 4, 16, 20, 38.) These filings were not well-taken. Counsel should know well the significant number of motions and proceedings in both civil and criminal cases that this court must manage. Cries of "wolf" such as these do not assist the court in determining the merits of matters it.